STATE OF HAWAII, Plaintiff-Appellant, *v.* RICHARD
WAYNE SWIER, Defendant-Appellee

NO. 8729

(D. C. NO. TR10)

JUNE 17, 1983

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, JJ.,
AND CIRCUIT JUDGE TSUKIYAMA,
ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY PADGETT, J.

This is an appeal by the State from orders suppressing two
out-of-court statements which the prosecution desired to intro-
duce in evidence in a prosecution for negligent homicide in the
second degree under § 707-704, HRS. We affirm.

Appellee was the owner of a vehicle which was involved in
an accident on Kaukonahua Road in Waialua, Oahu, Hawaii,
on September 5, 1981. When officers arrived at the scene of the
accident, they found two persons lying on the ground near the
driver's side of the vehicle and the third lying in the truck bed.
The three persons were appellee, Terry Lutz and Jody L.
Harris.

The two statements which the prosecution wished to introduce were a statement taken by Officer Robert Rawlins from Lutz, two days after the accident, and a statement made the day of the accident at Tripler Hospital by the appellee to his physician.

The State does not specify as error the exclusion of a third statement made by appellee to Officer Rawlins at Tripler Hospital, the day of the accident.

With respect to Lutz' statement, affidavits were offered indicating that the State had made extensive efforts to get him to return to Hawaii for trial; that he had first said he would return and testify and then later refused to return; and that since the case was a misdemeanor, the State was unable to compel his return.

The State contends that Lutz' statement, although admittedly hearsay, was admissible under Rules 803(b)(24) or 804(b)(6) of the Hawaii Rules of Evidence (HRE). We think that Rule 804, which applies to unavailable declarants, is the appropriate rule since it appears from the affidavits that the State had established under Rule 804(a)(5) that the declarant Lutz was absent from the hearing and that the prosecution had been unable to procure his attendance by process or other reasonable means.

Lutz' statement clearly does not fall within the scope of the exceptions to the hearsay rule under Rule 804(b)(1), (2), (3), (4) and (5). The State contends that subsection (6), however, is applicable.

Section 804(b)(6) provides:

Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts, and (B) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair

opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

The problem with the State's contention is that the trial court was not satisfied that Lutz' statement had circumstantial guarantees of trustworthiness equivalent to those which have long been recognized in the case of the exceptions set forth in Rules 804(b)(1) through (5).

In ruling on the motion, the trial court correctly pointed out that Lutz' demonstrated equivocation with respect to returning to Hawaii to testify cast some doubt on the trustworthiness of his statement. We cannot say that the trial court abused its discretion in rejecting the statement. We therefore affirm the trial court's ruling excluding Lutz' statement without reaching the constitutional issue of the right to confrontation.

The second statement was made by appellee to his doctor at Tripler Hospital. The doctor testified in effect that in order to evaluate properly the condition of his patient, it was necessary for him to elicit from the patient the details of the accident in which he had been involved.

The question presented is whether under Rule 504 of the Hawaii Rules of Evidence, there is a privilege in a criminal case with respect to communications by a patient to his physician.

Rule 504(b) provides as follows:

General rule of privilege. A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of diagnosis or treatment of his physical, mental, or emotional condition, including alcohol or drug addiction, among himself, his physician, and persons who are participating in the diagnosis or treatment under the direction of the physician, including members of the patient's family.

Rule 1101, Hawaii Rules of Evidence, reads in part as follows:

Applicability of rules. . . .

(b) Proceedings. These rules apply generally to civil and criminal proceedings.

.    .    .    .

Before the adoption of the Hawaii Rules of Evidence, the physician-patient privilege was set forth in § 621-20.5, HRS, which, by its language, was limited to any civil action or proceeding. Nevertheless it is clear that when the language of Rule 504(b), HRE, is considered along side the language of Rule 1101(b), HRE, the privilege does apply in criminal cases. We think sound policy favors this result since the purpose of having the privilege at all is to allow free communication between patients and physicians in order to facilitate their treatment.

Affirmed.

*Arthur E. Ross,* Deputy Prosecuting Attorney, on the briefs for appellant.

*Karl K. Sakamoto,* Deputy Public Defender, on the brief for appellee.